UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EARL PRATT, JR.,

       Petitioner,

v.                                  Case No. 16-10236

STEVEN RIVARD,                HON. AVERN COHN

       Respondent.
_____/

## ORDER DISMISSING PETITION, DENYING A CERTIFICATE OF APPEALABILITY, AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Robert Earl Pratt, Jr. ("Petitioner"), proceeding pro se, claims that he is incarcerated in violation of his constitutional rights. For the reasons that follow, the petition will be dismissed without prejudice as premature.

### II. Background

Following a jury trial, Petitioner was convicted of two counts of assault with intent to commit murder, M.C.L. § 750.83, felon in possession of a firearm, M.C.L. § 750.224f, and three counts of possession of a firearm during the commission of a felony, M.C.L. § 750.227b. He was sentenced as a fourth habitual offender, M.C.L.§ 769.12, to concurrent terms of 40 to 60 years imprisonment on the assault convictions, a concurrent term of 10 to 20 years on the felon in possession conviction, and concurrent terms of two years imprisonment on the felony firearm convictions, to be served consecutively to the other sentences, in 2013.

Petitioner filed an appeal of right with the Michigan Court of Appeals, claiming that the trial court erred in admitting lay opinion testimony by three police officers, the prosecutor engaged in misconduct by arguing facts not in evidence, trial counsel was ineffective for failing to object to those matters, the prosecution presented insufficient evidence, and the trial court engaged in impermissible judicial fact-finding at sentencing. The court of appeals denied relief and affirmed Petitioner's convictions and sentences. People v. Pratt, No. 319639, 2015 WL 1880190 (Mich. Ct. App. April 23, 2015). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claims.  In lieu of granting leave to appeal, the Michigan Supreme Court reversed in part the judgment of the Michigan Court of Appeals and remanded the case to the trial court for resentencing under the procedures set forth in People v. Lockridge, 498 Mich. 358 (2015).  The Michigan Supreme Court denied leave to appeal in all other respects.  People v. Pratt, No. 151745, _ Mich. _, _ N.W.2d _, 2015 WL 9438743 (Dec. 22, 2015).  Petitioner has not yet been resentenced.

Petitioner then filed the instant petition on January 22, 2016.  He raises the same lay opinion testimony, prosecutorial misconduct, ineffective assistance of counsel, and insufficient evidence claims that he presented to the state courts on direct appeal.  He also raises the sentencing claim, upon which he was granted relief in the state courts, stating that he wishes to pursue the claim if the trial court does not correct his sentence on remand.

### III.  Legal Standard

Promptly after the filing of a habeas petition, a district court must review the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule

2

4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, a district court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  Id., Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

### IV.  Discussion

Here, the petition must be dismissed because it is premature.  Petitioner's state convictions and sentences are not yet final because the Michigan Supreme Court reversed in part and remanded his case to the state trial court for re-sentencing.  See Burton v. Stewart, 549 U.S. 147, 156-57 (2007).  He has not been resentenced.  Petitioner cannot proceed on federal habeas review until his convictions and sentences are finalized in the state courts.[1]

### V.  Conclusion

For the reasons stated above, the petition is DISMISSED WITHOUT PREJUDICE because Petitioner's state convictions and sentences are not yet final.

Before Petitioner may appeal this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable

---

[1] Additionally, Petitioner's potential sentencing claim arising from the state trial court's resentencing decision is not ripe for review given that he has yet to be resentenced.  Moreover, any habeas claim arising from the resentencing decision itself will have to be exhausted in the state courts.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

3

whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  Reasonable jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, the Court **DENIES** a certificate of appealability.  The Court also concludes an appeal cannot be taken in good faith.  See Fed. R. App. P. 24(a).  Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**SO ORDERED**.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: February 2, 2016  
       Detroit, Michigan